1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stanley Fishman, ) | No. CV-07-0620-PHX-LOA |
|          Plaintiff, ) | **NOTICE OF ASSIGNMENT** |
| vs. ) | **AND ORDER** |
| Mel Clayton Ford, ) | |
|          Defendant. ) | |

Pursuant to Local Rule 3.8(a), LRCiv, Rules of Practice, effective December 1, 2006, all civil cases are, and will be, randomly assigned to a U.S. district judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S. Magistrate Judge.

As a result of the aforesaid Local Rule and assignment, if all parties consent in writing, the case will remain with the assigned Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) for all purposes, including trial and final entry of judgment. If any party chooses the district judge option, the case will be randomly reassigned to a U.S. district judge. To either consent to the assigned magistrate judge or to elect to have the case heard before a district judge, the appropriate section of the form, entitled Consent To Exercise Of Jurisdiction By United States Magistrate Judge[1], must be completed, signed and filed. The party filing the case or removing it to this Court is responsible for serving all parties with the

---

[1] The consent/election form may be obtained directly from the Clerk of the Court or by accessing the District of Arizona's web site at www.azd.uscourts.gov. To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on"Forms" on the left side of the page and then click on and print the appropriate form.

Dockets.Justia.com

consent forms. Each party must file a completed consent form and certificate of service with the Clerk of the Court not later than 20 days after entry of appearance, and must serve a copy by mail or hand delivery upon all parties of record in the case.

Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences. 28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is the "touchstone of magistrate [judge] jurisdiction" under 28 U.S.C. §636(c).

A review of the Court's file indicates that Plaintiff's Complaint was filed on March 23, 2007. Plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis which this Court will take under advisement and will order Plaintiff to file an Amended Motion to Proceed In Forma Pauperis and Supporting Information or pay the filing fee of $350.00. The subject Motion was not completely filled out.

Plaintiff shall also have until April 23, 2007 within which to make his selection to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

After the Court's review, the Court concludes that Plaintiff's Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Before this matter can proceed, Plaintiff must amend his Complaint to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Federal Rule 8(a) of the Federal Rules of Civil Procedure provides in pertinent part that:

> Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

The Court advises Plaintiff that although a pro se's pleadings may be held to a less stringent standard than those prepared by attorneys, *Rand v. Rowland*, 154 F.3d 952, 957 (9th

Cir.1998)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), pro se litigants must "abide by the rules of the court in which he litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986). Moreover, pro se litigants "must meet certain minimal standards of pleading." *Holsey v Collins*, 90 F.R.D. 122, 128 (D. Maryland, 1981)(citing *Arey v Harris*, No. 74-2360 (4th Cir. 1975) and stating that pro se litigants "must adhere to the rudimentary dictates of civil procedure"). "A complaint that . . . fails to plainly and concisely state the claims asserted and fails to give the dates and places of the alleged events of which the plaintiff complains, falls short of the liberal and minimal standards set out in Rule 8(a)." *Walton v Shanelec*, 19 F. Supp. 2d 1209, 1210 (D. Kansas 1998)(citing *Betts v. Allied Cementing Co., Inc.*, 1989 WL 118509). Even though this Court recognizes the significant challenges a non-lawyer, pro se litigant may have in representing himself, the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the pro se's counsel "would undermine district judges' [or magistrate judges'] role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct 2441, 2446 (2004).

Plaintiff's Complaint is unintelligible and provides only conclusions with no factual allegations to support the conclusions in support his Complaint. Clearly, the Complaint does not satisfy the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a) with a clear basis for the Defendant's liability, e.g., violation of Plaintiff's civil rights etc. Moreover, the Complaint does not allege the statutory basis for the Court's limited jurisdiction, e.g. 28 U.S.C. §1331(federal question jurisdiction), 28 U.S.C. §1332 (diversity of citizenship). Therefore, the Court will order Plaintiff to amend his Complaint in accordance with Fed. R. Civ. P. 8(a) and Local Rule ("LRCiv.") 7.1.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file on or before **April 23, 2007** his written election to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.

1 **IT IS FURTHER ORDERED** that Plaintiff shall serve upon the Defendant
2 the appropriate consent form which may be provided by the Clerk of the Court or found on
3 line after the Plaintiff has received a ruling on an Amended Motion to Proceed In Forma
4 Pauperis or paid his $350.00 filing.

5 **IT IS FURTHER ORDERED** that on or before **April 23, 2007** Plaintiff
6 shall file a First Amended Complaint in compliance with Rule 8(a), FED.R.CIV.P., and
7 LRCiv.7.1 which shall contain a short and plain statement of his factual and legal allegations
8 against the Defendant, specify the Court's jurisdictional basis, and clarify the civil right's or
9 other federal or state statute(s) upon which Plaintiff is relying to support his claim(s).

10 **IT IS FURTHER ORDERED** that the failure to comply with these Orders,
11 and any of them, may result in the dismissal of Plaintiff's Complaint without prejudice
12 pursuant to Rule 41, FED.R.CIV.P., or pursuant to the Court's inherent power. *Ferdik v.*
13 *Bonzelet*, 963 F.2d 1258,1260 (9th Cir. 1992)(trial courts have the inherent power to control
14 their dockets and in the exercise of that power they may impose sanctions including, where
15 appropriate, dismissal of a case),

16 **IT IS FURTHER ORDERED** directing the Clerk of the Court to provide the
17 Plaintiff with a copy of "Filing A Complaint In Your Own Behalf."

18 **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
19 shall hereinafter comply with the Rules of Practice for the United States District Court for
20 the District of Arizona, as amended on December 1, 2006. The District's Rules of Practice
21 may be found on the District Court's internet web page at www.azd.uscourts.gov/.
22 All other rules may be found as www.uscourts.gov/rules/. The fact that a party is acting pro

26 / / /
27 / / /

- 4 -
Case 2:07-cv-00620-LOA    Document 6    Filed 04/13/2007    Page 4 of 5

1 | se does not discharge this party's duties to "abide by the rules of the court in which he
2 | litigates." *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).
3 | DATED this 12th day of April, 2007.

Lawrence O. Anderson
United States Magistrate Judge