**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Stanley Fishman, | ) | No. CV-07-0620-PHX-LOA |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Mel Clayton Ford, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter arises on the Court's review of the file. On March 23, 2007, Plaintiff filed a *pro se* Complaint against Defendant Mel Clayton Ford. (docket # 1)

**I. Procedural History**

On April 13, 2007, the Court concluded that Plaintiff's Complaint failed to comply with Rule 8(a), FED.R.CIV.P., was unintelligible and provided only conclusions with no factual allegations to support the Complaint. The Court ordered, among other things, that Plaintiff amend his Complaint in accordance with Fed. R. Civ. P. 8(a) and LRCiv 7.1. (docket # 6) Thereafter, the only change Plaintiff made to his timely-filed Amended Complaint was to write "Relif (sic) is to get paid." (docket # 8)  Again, the Court ordered Plaintiff to file a Second Amended Complaint in compliance with Rule 8(a), FED.R.CIV.P., and LRCiv 7.1 which shall contain a short and plain statement of his factual and legal allegations against the Defendant, specify the Court's jurisdictional basis, and clarify the civil

1 rights or other federal or state statute(s) upon which Plaintiff is relying to support his
2 claim(s). (docket # 10 at 2-3)

3 On April 27, 2007, the Court granted Plaintiff's application for leave to proceed
4 *in forma pauperis*. (docket # 9)  On May 4, 2007, Plaintiff expressly consented in writing to
5 magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 11)

6 On May 4, 2007, Plaintiff timely filed his Second Amended Complaint which
7 barely provides sufficient information to understand the basis of Plaintiff's claim. (docket
8 # 13)  In view of Plaintiff's *pro se* status, the district court construes his pleadings liberally.
9 *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, "*[p]ro se* litigants must [still] follow
10 the same rules of procedure as other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
11 1987)   The Second Amended Complaint alleges that Mel Clayton Ford ("Defendant"), a
12 well-known local new and used car dealership, "has taken my van and car . . . and have
13 refused to return my van or car or give me my money for them" (*Id*. at 1)  The Second
14 Amended Complaint does not set forth a specific jurisdictional statute. The *pro se* Plaintiff,
15 however, attempted to comply with the Court's April 27, 2007 order which required a
16 statement of the basis for federal jurisdiction by writing in the Second Amended Complaint
17 the "only Court I could possibly get a fair trial is in Federal Court. This is why I am filing
18 this [lawsuit] in Federal Court." (*Id*.)

19 **II.  Standard for Reviewing Complaint**

20 The district court is required to screen complaints brought by litigants who
21 have been granted leave to proceed *in forma pauperis*.  *Denton v. Hernandez*, 504 U.S. 25,
22 27 (1992); *Jones v. Social Sec. Admin*., 2007 WL 806628 (E.D. Cal. 2007).  Title 28 U.S.C.
23 § 1915(e)(2) provides that the district court "shall dismiss a case at any time if it determines
24 that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which
25 relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from
26 such relief." 28 U.S.C. § 1915(e)(2)(B).  A complaint is legally frivolous within the meaning
27 of § 1915 "where it lacks any arguable basis either in law or in fact." *Neitzke v. Williams*, 490
28 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221 (9th Cir.1984).   Moreover,

pursuant to Rule 12(h), FED.R.CIV.P., a district court must dismiss an action whenever it appears that the district court lacks jurisdiction over the subject matter. Pursuant to Rule 12(h)(3),[1] the Court will consider as a threshold matter whether it has subject-matter jurisdiction.

### A. Subject-matter Jurisdiction

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936); *A-Z International v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003). Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The presumption is that federal courts lack jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Id.* A district court has a duty to *sua sponte* establish subject-matter jurisdiction over the action before it. *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003). "No matter how tantalizing a problem may be, a federal [] court cannot scratch intellectual itches unless it has jurisdiction to reach them." *Director, OWCP v. Bath Iron Works Corp.*, 853 F.2d 11, 13 (1st Cir.1988).

### III. Analysis

There is nothing in the Second Amended Complaint to suggest a violation of any federal law or Plaintiff's rights under the federal constitution. Nowhere in the Second Amended complaint did Plaintiff cite a federal statute or constitutional provision. It only alleges that Defendant has "taken away my civil rights." (docket # 13 at 1) If Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983, he fails.

---

[1] Rule 12(h)(3) provides:
> (3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

- 3 -

1 By its terms, § 1983 does not create any substantive rights. Rather, it provides 2 a means for vindicating federal rights conferred elsewhere. *Alright v. Oliver*, 510 U.S. 266 3 (1994). Section 1983 allows individuals to recover for deprivations of constitutional rights 4 that occur under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled* 5 *on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). To state a claim under 6 § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the 7 United States and must show that the alleged deprivation was committed by persons acting 8 under the color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

9 "The traditional definition of acting under color of state law requires that the 10 defendant in a § 1983 action have exercised power 'possessed by virtue of state law and 11 made possible only because the wrongdoer is clothed with the authority of state law.'" 12 *McDade v. West*, 223 F.3d 1135, 1139-40 (9th Cir. 2000) (citations omitted). "It is firmly 13 established that a defendant in a § 1983 suit acts under color of state law when he abuses the 14 position given to him by the State. Thus, generally, a public employee acts under color of 15 state law while acting in his official capacity or while exercising his responsibilities pursuant 16 to state law." *Id.* (citing West, 487 U.S. at 49-50). In *Parratt*, the Supreme Court noted that 17 defendant-prison officials unquestionably satisfied the color-of-state-law requirement 18 because they "were, after all, state employees in positions of considerable authority." *Parratt*, 19 451 U.S. at 535-536. Assuming *arguendo* that Defendant or its employee violated Plaintiff's 20 constitutional right to be free from an unlawful seizure of Plaintiff's property, it is not 21 reasonable to believe that such employee meets the under-color-of-state-law requirement. 22 Thus, it does not appear that federal-question jurisdiction exists in this case under § 1983.

23 If the Second Amended Complaint is intended to allege tort claims for 24 intentional or negligent conduct or a breach-of-contract claim under state law, Plaintiff's 25 claim fails for lack of complete diversity of citizenship. Federal subject-matter jurisdiction 26 under Title 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount 27 in controversy in excess of $75,000. With a few exceptions, subject-matter jurisdiction is 28 premised upon diversity of citizenship at the time of filing the complaint. *Grupo Dataflux v.*

1  *Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *Newman-Green, Inc. v.*
2  *Alfonzo-Larrain*, 490 U.S. 826, 830 (1989).  A corporation is a citizen of the state where it
3  is incorporated and the state of its principle place of business and (2) partnerships and limited
4  liability companies are citizens of every state in which one of their members or partners
5  resides. Title 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th
6  Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692
7  (7th Cir. 2003).

8     Assuming the property exceeds $75,000, there is nothing in the Second
9  Amended Complaint to suggest that Defendant is an out-of-state corporation. In today's
10 computer internet world, one can click on www.cc.state.az.us and review the Arizona
11 Corporation Commission's records for Mel Clayton Ford, Inc. and determine that its current
12 address is 1550 E. Camelback Road in Phoenix, that it was originally incorporated as an
13 Arizona corporation in 1948, was formerly known as Mel Clayton Ford and Read Mullan
14 Motor Company, and that it is presently in good standing with the Arizona Corporation
15 Commission.  Furthermore, Plaintiff identifies his current address on the first page of the
16 Second Amended Complaint as a Phoenix residential address. (docket # 13 at 1)  Since it
17 appears that Mel Clayton Ford is incorporated in Arizona with its principle place of business
18 in Phoenix and that Plaintiff resides in Phoenix, there is no diversity of citizenship between
19 the parties. Thus, federal subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) is lacking.

20    Unfortunately for the *pro se* Plaintiff, there is no statutory mechanism for the
21 Court to transfer this case to state court. *McLaughlin v. ARCO Polymers, Inc.*, 721 F.2d 426
22 (3d Cir. 1983) (where subject-matter jurisdiction is lacking, the district court is required to
23 dismiss and has no authority to transfer to state court, especially absent a colorable federal
24 claim to which a state claim can be appended).  Title 28 U.S.C. § 1631[2] is inapplicable

---

[2] That section provides in full:
Transfer to cure want of jurisdiction
Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed

- 5 -

1 because "'[t]his provision [was] broadly drafted to allow transfer between any two *Federal*
2 *courts.*'" *Id.* at 428-429 (citation omitted)(emphasis in original).  Also Title 28 U.S.C. §
3 1447(c) provides the district court limited authority to remand actions to state court if such
4 actions were "removed from a State court" and "the district court lacks subject-matter
5 jurisdiction." 28 U.S.C. § 1447(a) and (c).  Since this lawsuit was not initially removed from
6 state court, this provision is inapplicable. Thus, this Court has no authority to transfer this
7 action to the Maricopa County Superior Court.

8       In light of the foregoing, the Court will dismiss Plaintiff's lawsuit, without
9 prejudice to it being brought in state court, for lack of subject-matter jurisdiction pursuant
10 to Fed.R.Civ.P. 12(h)(3).

11       According,

12       **IT IS ORDERED** that this lawsuit is **DISMISSED** without prejudice for lack
13 of subject-matter jurisdiction. The Clerk is directed to close this case.

14       DATED this 14th day of May, 2007.

Lawrence O. Anderson
United States Magistrate Judge

---

with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.